**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| ENSEMBLE RCM, LLC,                      ) | |
|                               ) | |
| Plaintiff,            ) | |
|                               ) | |
| vs.                    ) | |
|                               ) | Case No. _____ |
| CAREPOINT HEALTH        ) | |
| MANAGEMENT ASSOCIATES, LLC,        ) | |
|                               ) | |
| Defendant.        ) | |
|                               ) | |

**NOTICE OF REMOVAL BY DEFENDANT
<u>CAREPOINT HEALTH MANAGEMENT ASSOCIATES, LLC</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CarePoint Health Management Associates, LLC ("CarePoint"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, Civil Division ("State Court"), the court in which the cause is currently pending, to the United States District Court for the Middle District of Florida.  In support thereof, CarePoint states as follows:

1.      CarePoint exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Ensemble RCM, LLC vs. CarePoint Health Management Associates, LLC*, Case No. 11-2022-CA-001634-0001-XX.

2.      28 U.S.C. § 1441(a) provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

1

3.      This is a civil action that was instituted in State Court, and has not been tried.  On September 16, 2022, Plaintiff Ensemble RCM, LLC ("Plaintiff" or "Ensemble") filed its original complaint (the "Complaint") in the State Court.  A true and correct copy of the entire State Court file, including the Complaint, is attached hereto as Exhibit A.

4.      As set forth below, CarePoint received a copy of the Complaint on September 16, 2022 and was served with a summons and Complaint on September 29, 2022.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. §§ 1446(b) and 1453.

5.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the parties to Plaintiff's action have diversity of citizenship.

**BACKGROUND**

6.      This is an action by Ensemble for declaratory judgment pursuant to the Florida Declaratory Judgment Act, section 86.011, *et seq.*, Florida Statutes.

7.      More specifically, "Ensemble seeks a declaration that CarePoint released all claims against Ensemble under a now-terminated services agreement between Ensemble and CarePoint pursuant to a settlement agreement entered into by the parties on September 1, 2020 and that CarePoint therefore cannot assert or recover for any claims predating September 1, 2020, including all claims under the now terminated services agreement."  Complaint at ¶2.

8.      Ensemble seeks relief in the alternative in the form of a declaration that CarePoint must bring any claims against Ensemble under or related to the services agreement in Florida pursuant to purported exclusive jurisdiction and venue provisions in the services agreement and settlement agreement and not in New Jersey.  Complaint at ¶3.

2

9.    The dispute between CarePoint and Ensemble regards damages to CarePoint by Ensemble related to certain revenue cycle services provided to CarePoint and the affiliated hospitals CarePoint manages, IJKG Opco LLC, d/b/a/ CarePoint Health – Bayonne Medical Center ("BMC"); Hudson Hospital Opco, LLC d/b/a CarePoint Health – Christ Hospital ("Christ Hospital"); and HUMC Opco LLC d/b/a CarePoint Health – Hoboken University Medical Center ("HUMC") (collectively, the "CarePoint Hospitals").

10.    CarePoint received notice of the Complaint on September 16, 2022 and was served with a copy of the Summons and Complaint on September 29, 2022.  Removal is timely because this notice is being filed within 30 days after that event.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *Jones v. Commonwealth Land Title Ins. Co.*, 459 Fed. Appx. 808, 810 (11th Cir. 2012) (30-day period referenced in 28 U.S.C. § 1446(b)(1) begins running when defendant is formally served with process).

11.    In accordance with 28 U.S.C. § 1446(a)-(b), copies of all process, pleadings, and orders served upon CarePoint are attached hereto collectively as Exhibit A.

### GROUND FOR REMOVAL – DIVERSITY (28 U.S.C. § 1332(a))

12.    This matter is properly removable pursuant to the diversity jurisdiction grounds set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441.

### Amount in Controversy

13.    The amount in controversy in this matter, excluding interest and costs, exceeds the sum of $75,000.  Although Plaintiff's Complaint only asserts generalized damages that "exceed $30,000, exclusive of interests and costs," Plaintiff seeks a declaration that all of CarePoint's claims arising under or related to the 2014 MSA and SOW 5 have been fully and finally released.  CarePoint's claims are for damages for lost revenue and restitution for over $75,000,000

CarePoint paid Ensemble for services it failed to perform under the MSA before September 1, 2020.  *See* Declaration of Courtney Gaccione, attached hereto as Exhibit B, at ¶6.

14.     Thus, Ensemble is clearly seeking to avoid paying millions of dollars, for which CarePoint will counterclaim, an amount that far exceeds the jurisdictional threshold of $75,000.

## Complete Diversity of Citizenship

15.     This matter is between "citizens of different States" pursuant to 28 U.S.C. § 1332(a).

16.     Plaintiff is a Delaware limited liability company with its principal place of business in Cincinnati, Ohio.

17.     Upon information and belief, Ensemble's sole member is Judson Ivy, a resident of Naples, Florida, and therefore a citizen of the State of Florida for purposes of the complete diversity requirement.

18.     CarePoint is a New Jersey limited liability company.  Its sole member is a limited liability company whose sole member, in turn, is another limited liability company, which in turn, is owned by three limited liability companies whose sole members, respectively are (i) Jeffrey Mandler, who resides in West Chester, Pennsylvania; (ii) James Lawler, who resides in Basking Ridge, New Jersey; and (iii) and Freehold Trust.  Freehold Trust's sole trustee is Laxshmi Garipalli, who resides in Colts Neck, New Jersey.  Thus, CarePoint is a citizen of the Commonwealth of Pennsylvania and the State of New Jersey for purposes of the complete diversity requirement.

19.     Since none of the members of CarePoint are citizens of the States of Ohio or Florida, and the amount in controversy exceeds $75,000, this action is removable based on diversity jurisdiction.

## CAREPOINT HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

20.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as CarePoint received notice of the State Complaint on September 16, 2022 and was served with a Summons and Complaint on September 29, 2022.

21.     CarePoint is the only defendant named in the State Complaint, and it affirmatively seeks removal to this Court.  Thus, the so-called "unanimity rule" is satisfied. See *28* U.S.C § 1446(b)(2)(A), ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").

22.     CarePoint includes herewith copies of all process, pleadings, and orders served upon it in this matter to date, pursuant to 28 U.S.C. § 1446(a).  *See* Ex. A.

23.     Venue is proper in this Court because it is the "district and division within which [this] action is pending."  28 U.S.C. § 1446(a); 28 U.S.C. § 1441(a).

24.     In accordance with 28 U.S.C. § 1446(d), promptly after filing of this Notice of Removal, CarePoint will give written notice hereof to Plaintiff in this action and will file a copy of this Notice of Removal with the Twentieth Judicial Circuit.

25.     CarePoint has not previously applied for the relief sought herein.

## NO WAIVER OF DEFENSES

26.     By filing this Notice of Removal, CarePoint does not waive, but to the contrary expressly preserves, any and all defenses and/or contractual rights which may be available to it in this matter, including, without limitation, defenses based on lack of personal jurisdiction, improper service of process, improper venue, lack of subject matter jurisdiction, the running of any applicable statutes of limitation, and the failure to state a valid claim.

5

Dated: October 17, 2022

Respectfully submitted,

K&L GATES LLP

By: */s/ Jonathan B Morton*

Jonathan B. Morton
Florida Bar No. 956872
jonathan.morton@klgates.com
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Telephone: 305-539-3300
Facsimile: 305-358-7095

Anthony P. La Rocco
(*pro hac vice* pending)
anthony.larocco@klgates.com
George P. Barbatsuly
(*pro hac vice* pending)
george.barbatsuly@klgates.com
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Telephone: 973.848.4000
Facsimile: 973.848.4001

*Attorneys for CarePoint Health*
*Management Associates, LLC*

6

## CERTIFICATE OF SERVICE

This is to certify that on October 17, 2022 the foregoing was filed with the Clerk of Court using the CM/ECF system, and sent by email and U.S. Postal mail to the following counsel of record:

Dennis P. Waggoner (FBN: 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
Mark J. Criser (FBN: 0141496)
mark.criser@hwhlaw.com
regina.bigness@hwhlaw.com
**HILL, WARD & HENDERSON, P.A.**
101 East Kennedy Boulevard
Tampa, FL 33602
Tel: (813) 221-3900
Fax: (813) 221-2900

Scott Solberg, P.C. (pro hac vice forthcoming)
ssolberg@eimerstahl.com
llawes@eimerstahl.com
Daniel D. Birk (pro hac vice forthcoming)
dbirk@eimerstahl.com
ssemens@eimerstahl.com
**EIMER STAHL LLP**
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Tel: (312)660-7666

*Attorneys for Plaintiff*

*/s/ Jonathan B. Morton*