UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENSEMBLE RCM, LLC,

    Plaintiff,

v.                                Case No.:   2:22-cv-676-SPC-KCD

CAREPOINT HEALTH
MANAGEMENT ASSOCIATES,
LLC,

    Defendant.
_____/

## **ORDER**

    This is a declaratory judgment action that Defendant removed based on diversity jurisdiction. Because Defendant has failed to establish diversity of citizenship, it must supplement the notice of removal.

    Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[1] Diversity jurisdiction exists if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). And it is not enough to simply allege there is jurisdiction. Defendant must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Removal jurisdiction also raises significant federalism concerns, and thus any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Defendant has not adequately pled diversity of citizenship, alleging "upon information and belief" that Plaintiff's sole member is Judson Ivy, a resident of Naples, Florida. (Doc. 1 at 4.) This is problematic for two reasons. First, citizenship cannot be supposed. *See Morrison*, 228 F.3d at 1273 ("Jurisdiction cannot be established by a hypothetical."). Second, citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Here, Judson Ivy's citizenship is unclear as residency is not sufficient, and domicile isn't mentioned anywhere in the

pleadings. Defendant likewise has not adequately pled its citizenship, alleging where the LLC members reside, not their domicile. (Doc. 1 at 4.)

To remedy these deficiencies, Defendant may supplement the notice of removal. *See* 28 U.S.C. § 1653.

Finally, the notice of removal does not comply with Local Rule 1.08 governing typography (typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino; Times New Roman is permitted if the main text is at least 14-point, with other requirements). All future filings must comply with the Local Rules.

Accordingly, it is **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction by **November 3, 2022**. **Failure to do so will result in a recommendation this case be remanded for lack of subject-matter jurisdiction.**

**ORDERED** in Fort Myers, Florida this October 20, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record